**BERRY et al. v. CITY OF DRUMRIGHT et al.**

No. 15326—Opinion Filed June 9, 1925.

1. **Municipal Corporations — Performance Bond of Contractor—Parties Protected.**

A paving contractor's performance bond executed to a city, under section 4598, O. O. S. 1921, inures to the protection of the city and all property owners interested in the improvement.

2. **Same—Maintenance Bond—Time for Execution.**

The statutes do not require the taking of the five-year maintenance bond by the city before letting the contract for the improvements. In the absence of statutory requirement, the time when such maintenance bond should be executed is in the discretion of the municipality whose officers, in discharging their duty to protect property owners, will require same of the contractor prior to full payment for the improvements.

3. **Same—Street Improvements — Jurisdiction—Delay in Proceedings.**

A lapse of ten months after the passage of a resolution of necessity before further proceedings are taken by a municipality for making street improvements does not oust the mayor and council of jurisdiction.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by S. E. Berry et al. against the City of Drumright et al. for injunction. From judgment for defendants, plaintiffs appeal. Affirmed.

Streeter Speakman and W. F. Speakman, for plaintiffs in error.

R. C. Allen, G. A. Paul, N. C. Orr, and Wendell Johnson, for Tibbetts & Pleasant.

S. A. Denyer, City Atty., for City of Drumright.

Opinion by ESTES, C. This is an action for injunction against the city of Drumright and its officers and also Tibbetts & Pleasant, Inc., contractor, to prevent the passage of a resolution for the issuance of paving bonds and to prevent defendants from executing a contract between the city and contractor for paving a street of said city in a proposed paving district in which plaintiffs are resident property owners. The court sustained demurrer to evidence of plaintiffs and dismissed the action, whence this appeal. The preliminary statutory proceedings had been taken by said city, including the resolution ordering the improvements and containing the terms and conditions of the contract, and a contract was awarded to said contractor.

1. A performance bond was executed by the contractor, conditioned to "save harmless the said obligee from any pecuniary loss resulting from the breach of the terms, covenants and conditions of said contract on the part of said principal to be performed," etc. Section 4598, C. O. S. 1921, provides that the mayor and council, by resolution, inter alia, shall "provide that the contractor shall execute to the city a good and sufficient bond, in an amount to be stated in such resolution, conditioned for the full and faithful execution of the work and the performance of the contract for the protection of the city, and all property owners interested, against any loss or damage by reason of the negligence of the contractor, or improper execution of the work." It is contended that because this bond was given conditioned to save harmless the obligee, the city, from any pecuniary loss, it did not protect all the property owners interested. This contention is untenable because the statute requires that the bond shall be executed to the city. When thus

given, as in this case, it inures to the protection of the city and all property owners interested.

2. The main question presented is that the statutory five-year maintenance bond was not executed prior to the awarding of said contract. The city's resolution provided that the contractor should execute to the city such bond in the sum of ten per cent. of the contract price for maintenance of the improvement for five years from the completion and acceptance of the improvement. Said statute, supra, provides that the city "shall also require a bond in an amount to be stated in such resolution, for the maintenance in good condition of such improvement for a period of not less than five years from the time of its completion." Neither said statute nor said resolution provides when such five-year maintenance bond shall be given. In the absence of statutory or other legal requirement, the time when such maintenance bond should be executed is in the discretion of the city. In Gilfillan v. City of Bartlesville, 46 Okla. 428, 148 Pac. 1012, it is held that the requirement by the mayor and council of such maintenance bond is an exercise of legislative power, thus implying some discretion. The statute does not require the taking of such maintenance bond before letting the contract.

"When an ordinance does not specify when bonds are to be given, and the first installment of payment upon the work is not due until completion of the work, it has been held sufficient to give bond on the completion of the work conditioned according to the terms of the contract." 28 Cyc. 1040.

The bond requiring payment by the contractor for all materials and labor is sometimes required by statute. Our statute is not thus, but the resolution of the city so provided in the instant case. 4 McQuillin on Municipal Corporations, sec. 1959, is to the effect that, unless the statute is mandatory, such bond may be taken before or after the contract is made. We think the same rule would apply to the taking of a maintenance bond. There are practical reasons why this should be so. The statute requires such maintenance bond to run from the time of the completion of the work. Until the time of such completion is known, its terms could not be fixed. Again, the city may reject the work as not done in accordance with the contract, in which event, the contractor would not receive compensation, or all thereof. If the work be not accepted and paid for, there would be no duty of the contractor to maintain. We take it that the statute contemplates that the city should require such maintenance bond when the work is completed, or the time of completion is known, and prior to the payment to the contractor of sufficient of the price to protect the city. In this, as in many other matters, the protection of the property owners is dependent upon the honesty, good faith and diligence of public servants. The failure of the city to require and of the contractor to give such maintenance bond before the awarding of the contract is no ground for injunctive relief.

3. Some ten months expired after the passage of the resolution of necessity before further proceedings were taken by the city. It is urged that such delay was unreasonable, and, in consequence thereof, the city lost jurisdiction to proceed. Section 4597, Id., providing for the resolution ordering improvements, is that the mayor and council shall proceed "after the expiration of the time for objection or protest on the part of the property owners." Where the proceedings are otherwise regular, in the absence of statutory regulation, the city does not lose jurisdiction to proceed by reason of mere delay. Whether an indefinite delay would oust the city of jurisdiction, is not necessary to decide. Exigencies may be such that a delay for ten months would be proper. In 2 Page & Jones on Taxation by Assessment, sec. 878, it is said:

"A lapse of more than a year between the time that an ordinance is introduced into the council on the recommendation of the board of local improvements, and the time that it is passed does not invalidate the ordinance in the absence of a statute requiring the council to act within a certain time. A lapse of eighteen months or of three years, does not invalidate the assessment in the absence of special statute."

This text is supported by abundant authority. Finding no error, let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 1042 (2) 28 Cyc. p. 1040. (3) 28 Cyc. p. 992 (1926 Anno).